UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK JAMES LOSEY,

        Petitioner,        Civil No. 10-12850
                                Honorable David M. Lawson

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS PAROLE BOARD,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITIONER'S
APPLICATION FOR WRIT OF HABEAS CORPUS**

Frederick James Losey, a Michigan prisoner proceeding *pro se*, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and § 2241. In his application, the petitioner challenges the Michigan Parole Board's decision denying him release on parole. The petitioner argues that the Parole Board failed to comply with the requirements of Michigan law when denying parole because it did not set forth substantial and compelling reasons for denying him parole.

The Court finds that the petitioner fails to state a claim upon which habeas relief may be granted. Because "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," the Court will summarily dismiss the petition. Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. The petitioner's claim that the denial of parole violated his right to due process because he had scored a high possibility of parole is not cognizable on habeas review. The petitioner has no constitutional right to be released on parole because there is no constitutional right of a lawfully convicted person to be conditionally released before the expiration of a valid sentence. *See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex,* 442 U.S. 1, 7 (1979); *Bd. of Pardons v. Allen*, 482 U.S. 369, 377

n.8 (1987). Thus, there is no federal constitutional right to parole. *Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990); *Sweeton v. Brown*, 27 F.3d 1162 (6th Cir. 1994). Although a Michigan statute restricts the parole board's discretion to deny parole to prisoners who score a high probability of parole, *see* Mich. Comp. Laws § 791.233e(6), "[a] federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Therefore, "to the extent the petition claims that the Parole Board violates state law . . . it fails to state a basis for federal habeas corpus relief." *Kissane v. Jones*, 89 F. App'x. 577, 578 (6th Cir. 2004).

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: August 16, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 16, 2010.

s/Teresa Scott-Feijoo
TERESA SCOTT-FEIJOO